**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BEVERLY HAWKINS,** § | | **IN THE DISTRICT COURT** |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. _____ |
| § | | |
| **AT&T** § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT & APPLICATION**
**FOR INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, BEVERLY HAWKINS, by and through his attorney of record, Samuel C. Beale, Beale & Associates, P.C., and files this Plaintiff's Original Complaint against AT&T and for cause of action would show unto this Honorable Court as follows:

### A. Parties

1. BEVERLY HAWKINS, Plaintiff, is a natural person who is older than the age of 40 years old and resides in Harris County, Texas, and has so resided at all times material to this suit.

2. Defendant, AT&T, is a foreign corporation authorized to do business in the State of Texas, with its headquarters located in Dallas, Texas and other offices, including the office that employed Plaintiff, located in Houston, Harris County, Texas.  Defendant can be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### B. Jurisdiction

3. The Court's jurisdiction arises under the Age Discrimination in Employment Act of 1967 as Amended, 29 U.S.C. 633a(c).

### C. Venue

4. Venue is proper in this district under the Age Discrimination in Employment Act of 1967 as Amended, 29 U.S.C. 633a(c) because Defendant maintains offices in Houston, Texas and Defendant's acts in violation to the ADEA were committed in Houston, Harris County, Texas.

### D. Exhaustion of Administrative Procedures

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant (see Charge of Discrimination attached hereto as Exhibit "A").

6. Plaintiff timely filed this complaint after receiving a Right to Sue Letter dated November 25, 2014 (see Right to Sue Letter attached hereto as Exhibit "B").

7. Plaintiff exhausted her administrative remedies prior to filing a lawsuit in this case.

### E. Count 1 – Age Discrimination in Employment Act

8. Plaintiff is an employee within the meaning of the ADEA and belongs to a class protected under the statute, a person above the age of forty (40) years old.

9. Defendant is an employer within the meaning of the ADEA in that the Defendant employs more than 20 persons in an industry affecting commerce for each working day in each of 20 or more calendar weeks in the current or preceding year.

10. Defendant (through its predecessor and continuing through is present form) employed Plaintiff since June 9, 1999 as a Retention Representative, Customer Service Department in its Call Center.

11. Recently, Plaintiff has engaged in a pattern and practice of targeting each and every one of its forty (40) years of age and older Call Center operators and customer service representatives to force them to quit employment with Defendant or face disciplinary actions leading to the

termination of their employment with Defendant in order to hire persons under the age of forty (40) whom the employer can pay substantially lower wages (e.g. $12 per hour versus over $30 per hour).

12. On or about February 19, 2014, Plaintiff was falsely accused of forging Court Attendance Excuse documents when she was taking a personal day off work to attend a court proceeding, the court instructed her that she was not free to leave the court until the completion of all conferences with the lawyers and parties in her case was completed and they received a reset notice or other disposition of their case, the Judge of the Court left the courthouse prior to the completion of the case conferences and Plaintiff obtained a Returned to Work Notice stamped by the clerk of the court indicating the time Plaintiff was authorized to leave the Court to return to work. Defendant manager(s) who were under the age of forty (40) called the court clerk numerous times to verify Plaintiff's court stamped Return to Work Notice, learned that the judge left the courthouse before the time stated on the Return to Work Notice and concluded that Plaintiff forged the Return to Work Notice. Defendant under the age of forty (40) manager used this false conclusion to suspend Plaintiff from work and force her onto a probationary status from which her employment with Defendant could be terminated for any specious reason.

13. On March 25, 2014, Defendant's under the age of forty (40) manager determined falsely that Plaintiff did not handle a "survey" correctly and used that incident to leverage Plaintiff's probationary status to a termination of employment with Defendant.

14. After terminating Plaintiff's employment, Defendant replaced Plaintiff with a newly hired employee under the age of forty (40) years of age.

F. Count 2 – Retaliation

15. Plaintiff, through her employee union, the Communication Workers Of America Local

6222 filed a grievance against Defendant for suspending Plaintiff from work in relation to the February 19, 2014, false allegation regarding her court attendance. Defendant's under the age of forty (40) manager knew of Plaintiff's grievance because she was specifically named in the grievance and she participated in the grievance process against Plaintiff.

16. Defendant's action in terminating Plaintiff's employment was in further retaliation for Plaintiff engaging in the protected action of filing a grievance against Defendant in relation to the February 19, 2014 adverse action toward Plaintiff.

### G. Jury Demand

17. Plaintiff hereby makes demand for trial by jury and tenders herewith the statutory jury fee.

### H. Request for Prospective Injunctive Relief for Continuing Violation

18. Plaintiff will suffer irreparable injury if Defendant is not enjoined, during the pendency of this lawsuit, from denying Plaintiff her reinstatement.

19. There is a substantial likelihood that Plaintiff will prevail on the merits because the manner in which the Defendant acted was objectively unreasonable and in contravention to ADEA and Title VII established precedents of constitutional violation.

20. The harm faced by Plaintiff outweighs the harm that would be sustained by Defendant if the injunction were granted.

### I. Damages

21. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries and damages as follows:

    A. Loss wages in the amount of approximately $50,000 per year from the date of suspension without pay and/or termination of employment to her projected retirement in 15 years

from the filing of this complaint.

  B. Mental anguish and emotional distress in the form of humiliation, depression and other psychosomatic manifestations due to Defendant's discrimination.  A sum of $250,000 would fairly compensate Plaintiff for this element of her damages.

### J. Attorney's Fees

22. Plaintiff is entitled to an award of attorney's fees and costs under ADEA, 29 U.S.C. § 621 et seq and Title VII, 42 U.C.C. 2000e-5(k).

### K. Prayer

23. Wherefore, Plaintiff asks for judgment against Defendant for the following:

  A. Injunctive relief of an immediate reinstatement;

  B. Past and Future loss of earnings in the amount of $750,000;

  C. Mental anguish and emotional distress in the amount of $250,000;

  D. Reasonable attorney's fees;

  E. Cost of suit;

  F. All other relief the court deems appropriate.

       Respectfully submitted,

       __/S/ Samuel C. Beale_____
       SAMUEL C. BEALE
       Texas State Bar No. 01952380
       5821 Southwest Freeway, Suite 416
       Houston, Texas 77057
       (281) 664-6400
       (281) 664-6423 (Fax)
       Attorney for Plaintiff
       BEVERLY HAWKINS